WILLIAM TRUSLOW, Respondent, *v.* MERVEN G. PUTNAM, Appellant.

A constable levying upon the interest of defendant in execution, in property legally held by a third party in virtue of an existing lien, cannot remove the property from the possession of such third party; and if he does so he will be liable therefor.

*L. B. Pike*, for the respondent.

*W. A. Beach*, for the appellant.

HOGEBOOM, J. This was an action of replevin for seven sewing machines manufactured by one Lester, of whom the plaintiff was agent and factor, and on which he had a lien for his advances and commissions, to an amount beyond the value of the property. Defendant, as constable, levied on same under an attachment against Lester, and was about removing them, when plaintiff replevied them in this action. Defendant offered to prove what West (the agent in charge of the shop where the sewing machines were), said as *to whom he acted for* while in the shop engaged in the business, on being inquired of by the plaintiff in the attachment. The evidence was overruled and an exception taken.

1. I am inclined to think Lester had a leviable interest in the sewing machines, liable to be sold on execution, but as plaintiff was in possession, having a valid lien thereon, and special property therein, they were not liable to be taken out of plaintiff's possession any more than the goods of a partnership from the possession of the firm, on an execution against an individual partner. Hence, that the constable was liable to an action for removing the goods, and for their whole value, if the lien exceeded such value.

2. I am also inclined to think the objection to the attachment (which was overruled at the circuit) cannot be considered. The defendant may have other evidence to explain, or account for the apparent defect in the attachment.

3. I think the evidence objected to was properly excluded. West was in charge of the shop, but not to answer unauthorized questions as to who was his principal. Neither Lester nor Truslow put him there for that purpose.

Nor was the evidence similar in principle to that admitted in behalf of the plaintiff. There the sheriff levied on the property in the shop of which West was in charge, and it was proper to show that West *notified* him at the time, that the property was *Truslow's* and not *Lester's.* It was *a notice* proper to be proven, to show that the constable had information as to the title, and to prevent any pretense of *estoppel* upon Truslow from the silence of his alleged agent when a claim was being made on the property as belonging to Lester.

The judgment should be affirmed.

All affirm except Selden, J.

Judgment affirmed.